IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cynthia Brown, et al.,                                Case No. 2:24-cv-1401

              Plaintiff,                              Judge Graham

       v.                                            Magistrate Judge Deavers

David Yost, Ohio Attorney General,

              Defendant.

<u>Order</u>

This matter is before the Court on plaintiffs' motion for an injunction pending appeal. On April 25, 2024, the Court denied plaintiffs' motion for a temporary restraining order and preliminary injunction. On April 26, 2024, plaintiffs filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit.

Under Federal Rule of Civil Procedure 62, a court may grant an injunction "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction." Fed. R. Civ. P. 62(d). In determining whether to grant an injunction pending appeal, the court considers the same four factors it evaluated in resolving the original motion for preliminary injunctive relief. *See Dayton Christian Sch. v. Ohio C.R. Comm'n*, 604 F. Supp. 101, 103 (S.D. Ohio 1984). Those factors are: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

As to the first factor, "[l]ogic dictates that a court will seldom deny an injunction, then turn around and grant one pending appeal, finding, in part, that the party seeking injunctive relief is likely to prevail on appeal, *i.e.* that it is likely that the court erred in denying injunctive relief." *Dayton Christian*, 604 F. Supp. at 103. Plaintiffs' current motion raises arguments which were already made, and the Court remains of the position that plaintiffs have not demonstrated a strong likelihood of success on the merits.

The Court recognizes that plaintiffs' claims raise serious legal issues.  Even if a court finds that a plaintiff is unlikely to succeed on the merits, an injunction pending appeal is appropriate if the other factors weigh strongly in plaintiff's favor.  *See id.* at 103–104; *A & B Steel Shearing & Processing, Inc. v. U.S.*, 174 F.R.D. 65, 70 (E.D. Mich. 1997) ("A number of courts have held that when equitable factors strongly favor interim relief, the court is not required to find that ultimate success by the movant is a mathematical probability and may grant a stay even though its own approach may be contrary to the movant's view of the merits.") (internal quotation marks omitted).  Of particular importance is the need to maintain the status quo and avoid an irreparable injury or irreversible action.  *See Dayton Christian*, 604 F. Supp. at 103–104; *Washington Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843–44 (D.C. Cir. 1977).

The Court finds the status quo is best maintained by denying an injunction.  Defendant denied certification of plaintiffs' summary of their proposed state constitutional amendment because he found the summary was not a fair and truthful statement.  *See* O.R.C. § 3519.01(A).  The correctness of defendant's decision is currently before the Ohio Supreme Court.  *See State ex rel. Brown v. Yost*, Case No. 2024-0409.  Plaintiffs' federal suit concerns whether their First Amendment right to ballot access is unlawfully burdened by the alleged lack of expedited, de novo review by the Ohio Supreme Court.  However, plaintiffs seek an injunction requiring defendant to certify their summary and forward their petition to the Ohio ballot board.  An injunction would disrupt the status quo, giving plaintiffs the right to attempt to gather signatures from Ohio citizens in support of a petition that possibly contains an unfair or untruthful summary of the proposed constructional amendment.

Plaintiffs argue their rights will be irreparably injured absent an injunction because they will miss their window to gather signatures in time to place the initiative on the ballot for this year's general election.  *See* Ohio Const., art. II, § 1a.  The Court is not persuaded because plaintiffs remain free at any time to submit a new petition and summary directly to defendant, who must decide whether to certify it within ten business days.  *See* O.R.C. § 3519.01(B)(3).

Accordingly, plaintiffs' motion for an injunction pending appeal (doc. 24) is DENIED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: May 1, 2024

2